UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD RICHOUX | CIVIL ACTION |
| VERSUS | NO. 08-931 |
| CSR LIMITED, ET AL. | SECTION: C (3) |

### ORDER AND REASONS

Before the Court is a motion to remand and for costs and fees filed by plaintiff, Ronald Richoux. Rec. Doc. 2. Defendant Capital One, N.A. ("Capital One"), who removed this action to this Court on the basis of diversity of citizenship, opposes the motion. The Court has considered the record, the memoranda, and the law, and finds that the motion to remand should be GRANTED for the following reasons.

**Facts and Procedural History**

The plaintiff alleges that he is suffering from mesothelioma as a result of exposure to asbestos, a portion of which occurred while he was employed by Delta Steamship Company at the Hibernia Bank Building. Petition at ¶¶ 5-7. (Rec. Doc. 1-6) The building was owned by defendant Capital One's predecessor-in-interest, Hibernia National Bank. Petition at ¶ 2. Plaintiff alleges that for many months after a 1965 fire at the Delta Steamship Company offices, he assisted in cleanup efforts, during which time he was "exposed to asbestos products manufactured and/or installed by Defendants CSR, Ltd. ('CSR'), Eagle, Inc. ('Eagle'), Reilly-

Benton Company, Inc. ('Reilly-Benton') and The McCarty Corporation ('McCarty')." Petition at ¶ 6 (The Court will hereafter employ the same abbreviations when referring to the defendants).

Plaintiff, a Louisiana resident, filed suit in Louisiana state court on December 10, 2007. Capital One was served on December 13, 2007. Plaintiff claims that it also properly served CSR, an Australian corporation, on December 17, 2007; Capital One contends that as of the date of removal, there was no proof of service in the record for CSR. Because of plaintiff's rapidly deteriorating condition, a perpetuation deposition of Mr. Richoux was taken on January 12, 2008. On February 11, 2008, Capitol One removed the action to this Court, without obtaining the consent of any of the other named defendants.

In his deposition, the plaintiff was asked if he had "any personal knowledge or information as to whether or not Eagle Asbestos and Packing ever supplied or installed or distributed any asbestos or asbestos-containing products that you may have been exposed to during the course of your life?" Depo. of Ronald Richoux, pp 42-43, Rec. Doc. 1-3, Ex. B. Mr. Richoux answered "no" to this and similar questions regarding the other two non-diverse defendants. *Id.* at p. 43.

Plaintiff filed the instant motion to remand and requested that Capitol One be assessed fees and costs on February 12, 2008. He contends that Capital One's removal is improper for lack of joinder by the four other named defendants, and that it is untimely. In addition, plaintiff claims the dearth of evidence supporting removal demonstrates that the removal was not filed for a proper purpose, but was instead merely a dilatory tactic. Accordingly, plaintiff requests that the Court assess fees and costs pursuant to 28 U.S.C. § 1447(c). Capital One argues that the

removal was timely because it occurred within 30 days of Richoux's deposition, from which it became evident that the Louisiana defendants, Eagle, Reilly-Benton, and McCarty were improperly joined in the action. In addition, Capital One claims that the consent of CSR, indisputably a foreign corporation, was not required because, at the time of the removal, there was no proof in the record that CSR had been properly served.

**Applicable Law and Analysis**

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1995). It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegations." *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 287 n.10 (1938) (*citing Mc Nutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983). The Court is mindful that the removal statutes are to be strictly construed against removal. *See Shamrock Oil & Gas Corp., v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). When subject matter is doubtful, remand is appropriate. 14B C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3d § 3739.

Generally, all defendants must join in the notice of removal. *See Doe v. Kerwood*, 969 F.2d 165, 166-168 (5th Cir. 1992); 28 U.S.C. 1441(a); 28 U.S.C. 1446(a); 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.11[1][c], at 107-36 (3d ed. 2007). However, fraudulently joined defendants do not bar removal, and their existence is disregarded for the purposes of determining diversity. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); MOORE'S, ¶ 107.14[2][c], at 107-55 -56. Under 28 U.S.C. § 1446, which governs removal procedure, a defendant must file notice of removal within 30 days after the earlier of either the date of receipt by the defendant of a copy of the initial pleading setting forth the claim for relief, or the date on which summons is served on the defendant, if the initial pleading has been filed in state court and is not required to be served on the defendant. 28 U.S.C. § 1446(b). The Fifth Circuit has held that in cases involving multiple defendants, the thirty-day removal period beings when the first defendant is served. *Getty Oil v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). In addition, if a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt of a copy of an amended pleading, motion, order, or other paper from which it may be ascertained that the case has become removable. 28 U.S.C. § 1446(b).

Here, Capital One obtained the consent of none of the other named defendants when it filed its notice of removal. The plaintiff argues, in essence, two grounds for determining that the notice of removal was improper in this case, either one of which, if correct, would compel this Court to remand: this Court has no jurisdiction because of the presence of non-diverse defendants Eagle, Reilly-Benton, and McCarty in this lawsuit, and in any event, Capital One

4

failed to obtain the necessary consent for removal of the indisputably diverse defendant, Australian corporation CSR.

### I. Improper Joinder

Capital One argues that the presence of non-diverse defendants Eagle, Reilly-Benton, and McCarty do not defeat complete diversity, because those defendants were fraudulently, or improperly joined.  The Fifth Circuit has recognized two ways to establish improper joinder: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Smallwood v. Illinois Central R.Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  The focus of the inquiry must be on the joinder, not the merits of the plaintiff's case.  *Id.*  Here, Capital One has not alleged actual fraud in the pleading; only the second method is before the Court.   It bears repeating that the party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper.  *Id.* at 574.

In *Smallwood*, the en-banc Fifth Circuit noted that there has been several different descriptions of the test to be applied in determining whether a defendant has been fraudulently joined, and which has created confusion.[1]  *Id.* at 573.  Accordingly, it adopted the following articulation of the required proof, and rejected all others: "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*    There are two ways in which this Court may attempt to predict whether the plaintiff has a reasonable basis of

---

[1]This confusion is reflected in both parties' pleadings in this motion.

recovery under state law.  Ordinarily, the court will conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  If a plaintiff can survive a Rule 12(b)(6) challenge, there is not improper joinder.  *Id.*  "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."  *Id.*   In such an inquiry, the plaintiff's motive or purpose in the joinder of the in-state defendants is not relevant.  *Id.* at 574.  Capital One asks the Court to consider this case under the latter method, and pierce the pleadings.[2]

Here, Capital One was the first defendant served in this case, on December 13, 2008.  It filed the notice of removal on February 11, 2008, well past thirty days after its receipt of the initial pleading.  Capital One contends that Mr. Richoux's deposition, in which he testified that he had no "personal knowledge or information" as to whether Eagle or the other non-diverse defendants ever supplied or installed or distributed any asbestos products, constitutes an "other paper" from which Capital One first became aware of the removeability of the case.  The notice of removal was filed within thirty days of this deposition, taken on January 12, 2008.  The Court agrees that this deposition could constitute an other paper under 28 U.S.C. 1446(b) such that the instant removal would not be untimely.  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th

---

[2] The defendant appears to acknowledge that the plaintiff's pleadings would suffice to survive a Rule 12(b)(6) challenge such that there is no improper joinder shown by consideration of the complaint alone.  Indeed, if it were otherwise, the basis for removal would have been ascertainable from the time defendant was first served, and the notice of removal would be untimely.

Cir. 1996). The question is thus whether Mr. Richoux's testimony sufficiently demonstrates that Eagle, Reilly-Benton, and McCarty were improperly joined, under the burden and standard set out above.

Again, Capital One asks the Court to pierce the pleadings and consider Richoux's deposition. Indeed, it suggests that if the Court were not inclined to conclude that it properly had jurisdiction at this time (because it can not yet determine whether there is a reasonable basis to predict that the plaintiff might be able to recover against the non-diverse defendants), the proper course would be to deny the present motion without prejudice, allow discovery to continue, and then allow plaintiff to renew his remand motion if appropriate at the close of discovery. Rec. Doc. 8 at 7, n.7. The defendant misconstrues the standard for determining improper joinder, the appropriate methods to employ, and the placement of the burden for proving or disproving the impropriety of joinder, which lies squarely and heavily with Capital One. The *Smallwood* court cautioned against additional discovery beyond a very limited, summary inquiry, because of the heavy risk of moving beyond jurisdiction and into a resolution of the merits. *Smallwood*, 385 F.3d.at 573-74. Indeed, it noted, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden. *Id.* at 574.

The Court does find it appropriate to consider the plaintiff's deposition in this case, because it would be impossible to fully appreciate fully the basis for this Court's jurisdiction without examining the deposition. *See Ameen v. Merck & Co., Inc.*, 226 Fed. Appx. 363,369 (5th Cir. 2007)(unpublished opinion). The plaintiff's deposition testimony, however, is scant evidence from which to predict that there is no reasonable basis that the plaintiff might be able to

recover against the non-diverse defendants.  In essence, the plaintiff testifies only that he, a life-long office worker, has no *personal* knowledge or information that the non-diverse defendants supplied, installed, or distributed the asbestos-containing products that he may have been exposed to during the course of his life.  This is far from the only type of evidence, after discovery, that the plaintiff might be able to produce at trial.[3]  In this situation, the Court should also consider the deposition in the context of the entire record and the status of discovery, and should resolve all ambiguities in the plaintiff's favor,  *Travis*, 326, F.3d at 649; it should "consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendants." *McKee v. Kansas City Southern R. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).  In this case, discovery has barely even begun.  In contrast, in many of the cases in which the federal district court pierced the pleadings, discovery had been ongoing for an extensive period of time when the notice of removal was filed.  *See, e.g., Travis*, 326 F.3d 644; *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 310-11 (5th Cir. 2005).  Again, Capital One misconstrues its burden in this situation[4]: In order to establish that Eagle, Reilly-Benton, and McCarty were

---

[3]The defendant also states that is impossible for any of the non-diverse defendants to "have performed any of the original construction on the building since it was completed in 1922, and none of the Louisiana defendants were even in existence" at that time.  *See* Rec. Doc. 8, Ex. E.  But, as plaintiff states in his reply, the installation and use of asbestos was not necessarily limited to the initial construction; the evidence that the Louisiana defendants did not exist at the time of the initial construction is not evidence they "did not do repairs, replacements, restorations or remodels of the interior space" of the building.  Rec. Doc. 14, at 5.

[4]In support of its position, Capital One cites a Mississippi state supreme court decision in an asbestos mass action, *Harold's Auto Parts, Inc. v. Mangialardi, et al.*, 889 So. 2d 493 (Miss. 2004).  Not only does this case involve neither federal nor Louisiana law, the facts are inapposite: there, hundreds of plaintiffs were suing hundreds of defendants, and the complaint did not indicate "which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time." *Id.* at 494.  Here, the plaintiff alleges that he was exposed to the products of the three in-state defendants at a particular place, the Hibernia Bank building, at a particular time, after the 1965 fire.  If this were a Mississippi state court, Richoux's complaint would very likely have satisfied the requirements of the *Harold's Auto Parts* in terms of the particularity of the pleadings.

8

fraudulently joined, Capital One must

> put forward evidence that would negate a possibility of liability on the part of [non-diverse defendants]. As the defendants cannot do so, simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for [Richoux] to establish [non-diverse defendant's] liability at trial.

*Travis*, 326 F.3d at 650-51. Allowing additional discovery in federal court at this point, *in order that the defendant be afforded an opportunity to meet its removal burden*, however, would take this Court well beyond its role in determining jurisdiction, and into the merits of the case.[5] As the Court finds that Capital One has not met its burden of showing improper joinder of the non-diverse defendants, there is not complete diversity of citizenship between the parties, and this Court has no jurisdiction over this matter.

### II. Improper Service on CSR

In addition, the plaintiff argues that the removal was improper because Capital One failed to obtain the consent of CSR, the other diverse named defendant in this case. Capital One claims it did not need to obtain the consent of CSR because CSR was not properly served, or more precisely, that at the time the case was removed, on February 11, 2008, there was no indication in the record that plaintiff had taken any action to serve CSR. The requirements for service of

---

[5]This is not a situation where a further inquiry could readily identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Smallwood*, 385 F.3d at 573-74. Such facts would include, for example, the "in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." Id. at 574, n.12.


process under the Louisiana long-arm statute are set forth in LA.REV.STAT. § 13:3204. However, Capital One cites LA.REV.STAT. § 13:3205, in support of its argument that in order for the plaintiff to "complete service" against a non-resident defendant, the plaintiff must enter into the record the affidavit of the individual who mailed the process to defendant, utilized the services of a commercial courier, or actually delivered the process to the defendant. By its own terms, this provision relates specifically to prerequisites to the entry of default judgment against a non-resident defendant: no default judgment can be rendered against a defendant, and no hearing may be held on a contradictory motion, rule to show cause or other summary proceeding, until thirty days after the filing of the affidavit of service into the record.

It is not clear that this provision applies at all to the present question; whether, or what, proof of proper service to another named defendant is required such that a defendant seeking removal to federal court must obtain its consent. Capital One only cites to cases that involved the entry of default judgment, which the provision clearly governs. But these cases are weak support for the proposition that §13:3205 sets forth the requirements for the proof of proper service in contexts, such as here, that are not enumerated in its language. For example, *Recreational Properties* relates specifically to what the Louisiana legislature contemplated "prior to service being effective to allow a judgment by default...." *Recreational Properties, Inc., v. Southwest Mortg. Service Corp.*, 804 F.2d 311, 315 (5th Cir. 1986). The defendant does not cite, nor can the Court find, any Louisiana or federal authority applying the requirements of §13:3205 in the

context of removal to federal court.[6]

Without additional briefing, this Court finds it wholly inappropriate to determine whether § 13:3205, a provision of Louisiana state law, applies in this situation, especially where the defendant points to no authority that it does.  However, because the Court has determined that removal was not justified because Capital One has not met its burden of showing improper joinder of the non-diverse defendants, it need not reach a conclusion on this issue.

### III.  Fees and costs

The Court has authority to award attorney's fees and costs under § 1447(c).  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).   The Court may only assess such fees and costs where the removing party lacked an objectively reasonable basis for seeking removal, *id.*, however, a showing of bad faith is not a precondition to such an award under § 1447(c).  *News-Texan, Inc., v. City of Garland, Tex.*, 814 F.2d 216, 220 (5th Cir. 1987).  The Court finds that it was objectively unreasonable for Capital One to rely solely on the pre-discovery lay testimony of

---

[6] Indeed, there are practical reasons why it is unlikely that §13:3205 does apply in the context of the prerequisites for consent to removal.  Filing of a notice of removal could not be the sort of "summary proceeding" envisioned in 13:3205: if the first-served defendant need not obtain the consent of any subsequent diverse defendant until 30 days after the entry into the record of the affidavit of service, as is required before the Louisiana court could exercise its jurisdiction to enter a default judgment, then because of the requirement under 28 U.S.C. § 1446 that the first-served defendant file a notice of removal within 30 days of its own service, that first-served defendant could almost always avoid obtaining the consent of subsequent defendants before filing a notice of removal.  (In fact, because the first defendant's failure to file a notice of removal waives the removal right of later defendants, *see Getty Oil*, 841 F.2d at 1262-63, any subsequently served defendant would often lose the ability to itself attempt to remove the action to federal court.  A clever plaintiff could first serve a defendant it believes is unlikely to remove, and then wait until the 30 days are up to file affidavits of service on subsequently served defendants in order to preclude any opportunity for removal.)  If Capital One is only suggesting that the affidavit is required to "complete service," and that the 30-day period required prior to entry of default judgment does not apply in the removal context, then it is hard to understand why §13:3205 would apply here at all.  The entire provision relates to default judgment (and other specific motions that would be inappropriate unless plaintiff could prove they had been properly noticed), and what proof of service is required before one can be entered.

the plaintiff himself as the basis for removal, and that therefore costs and fees are appropriate.

Accordingly,

IT IS ORDERED that the motion to remand and for costs and attorney's fees is hereby GRANTED.  Rec. Doc. 2.  This matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).  The determination of the amount of fees and costs is referred to the Magistrate Judge.

In addition, because the Court has declined to rule on whether defendant CSR was properly served so as to require its consent to removal,

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file a supplemental exhibit to its reply brief is DISMISSED AS MOOT.  Rec. Doc. 18.

New Orleans, Louisiana, this 28th day of February, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE